IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:15-MJ-1049

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JONATHAN R. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for early termination of his probationary period. The government has responded in opposition. After considering the relevant factors, defendant's motion is granted.

## BACKGROUND

On July 4, 2015, defendant Jonathan Harris was charged with unlawful possession of a controlled substance in violation of 36 C.F.R. § 2.35(b)(2). On September 14, 2015, Mr. Harris pled guilty to the charge. That same day, the Court imposed a twelve-month probationary sentence pursuant to 18 U.S.C. § 3607, on the condition that, *inter alia*, defendant complete 40 hours of community service. On December 4, 2015, Mr. Harris filed the instant motion, requesting termination of his probationary period to allow him to attend college.

## DISCUSSION

"At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation." 18 U.S.C. § 3607(a)(2). The decision to terminate a defendant's probation "is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed

circumstances, such as exceptionally good behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003); *see also United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006) (considering similar standard in determining whether to modify conditions of supervised release).[1]

Here, defendant argues that he has been compliant with the conditions of his probation, has been in no trouble since he was arrested on July 4, and has submitted clean drug tests. He further proffers that he will have completed the requisite community service before the end of 2015. The crux of his motion is that he is attempting to take classes at the University of Georgia during the Spring 2016 semester as prerequisites for enrollment in an economics Ph.D. program, but is precluded from doing so by his probationary status. The government opposes early termination, arguing that defendant's inability to go to school is simply a consequence of his decision to possess marijuana.

The Court recognizes that possession of controlled substances is a serious offense. Mr. Harris's circumstances, however, have changed—he is seeking enrollment in a doctoral program and is precluded from attending school due to his probationary status.. The Court finds that a sentence that precludes defendant from furthering his education would be contrary to § 3553(a)(2)(D) and would be overly punitive. Given the community service requirement imposed by the Court and defendant's need and desire to further his education, the factors set forth in § 3553(a) have been satisfied with a term of approximately two months of probation. It is not as though defendant has not been punished; he has served a probationary sentence and performed community service. Moreover, he has been compliant with all conditions of his probation.

---

[1] The Court finds that no hearing is necessary because the relief sought is favorable to the person and does not extend the term of probation. Fed. R. Crim. P. 32.1.

Accordingly, in its discretion and in the interest of justice, the Court finds that discharging Mr. Harris from probation as of the date of this Order is appropriate.

Section 3607(a) allows for a term of probation of not more than one year. 18 U.S.C. § 3607(a)(2). As defendant has served a probationary sentence of over two months, the provisions of § 3607 still apply. Accordingly, defendant's motion is granted, his probationary period is terminated, and the charges against him are dismissed pursuant to § 3607(a)(2). .

## CONCLUSION

For the foregoing reasons, defendant's motion for early termination [DE 8] is GRANTED. Defendant's probationary period is TERMINATED, the charges against him are DISMISSED pursuant to 18 U.S.C. § 3607(a)(2), and the Clerk of Court is DIRECTED to close the case.

SO ORDERED, this _28_ day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE